IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MANUEL QUINONES, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:19cv257 |
| JOE FRANK GARZA, ET AL. | § | |

<u>MEMORANDUM OPINION REGARDING VENUE</u>

Plaintiff Manuel Quinones, Jr., an inmate currently confined at the Wynne Unit in Huntsville, Texas, proceeding *pro se*, bring this civil rights action pursuant to 42 U.S.C. § 1983 against Joe Frank Garza, Terry C. Canales, Woody Densen, Sean Wymore, and Santiago Soliz. All of the defendants are employed in either Alice, Texas or Houston, Texas.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

<u>Factual Background</u>

Plaintiff complains he was falsely accused and convicted of murder during 1999. Plaintiff claims the defendants are the former District Attorney for Jim Wells County, a former district judge for Jim Wells County, a former judge for Harris County, Texas, and an investigator with the Alice Police Department which is located in Jim Wells County.

<u>Analysis</u>

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in

which the claim arose. Plaintiff's claims arose in Alice, Jim Wells County, Texas. Further, the defendants are employed in Jim Wells County, Texas and Harris County, Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Jim Wells and Harris counties. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, both Jim Wells and Harris counties are located in the Southern District of Texas. As the incidents occurred in Jim Wells County which is located in the Corpus Christi Division of the Southern District of Texas, venue in the Eastern District of Texas is not proper.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). After due consideration, the undersigned is of the opinion that this case should be transferred where the incidents occurred. Accordingly, this case should be transferred to the United States District Court for the Southern District of Texas, Corpus Christi Division. An appropriate order so providing will be entered by the undersigned.

SIGNED this 20th day of June, 2019.

_____
Zack Hawthorn
United States Magistrate Judge