United States District Court
Southern District of Texas
**ENTERED**
October 02, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MANUEL QUINONES JR, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-190 |
| | § | |
| JOE FRANK GARZA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS CASE

Manuel Quinones, Jr., a Texas inmate, has filed this civil rights action pursuant to 42 U.S.C. § 1983.  Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.  Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper.  *Ruiz v. United States,* 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam).  Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that Plaintiff's § 1983 claims against Defendants challenging his state court conviction be dismissed with

prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). It is respectfully recommended further that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

## I.    JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.    BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently assigned to the Wynne Unit in Huntsville, Texas. Plaintiff was convicted of murder in Jim Wells County, Texas, and sentenced to fifty-five years in prison.

Plaintiff filed his Original Complaint on June 13, 2019, naming the following individuals as Defendants: (1) Joe Frank Garza, former Jim Wells County; (2) Terry Canales, former 79th District Judge in Jim Wells County; (3) Woody Densen, a former Harris County district judge; (4) Sean Wymore, investigator for the Jim Wells County District Attorney; and (5) Santiago Soliz, investigator for the Alice Police Department. (D.E. 1). Plaintiff complains that he was falsely accused and convicted of murder in 1999. He claims he is totally innocent and that Defendants are corrupt. In addition to monetary relief, Plaintiff seeks his freedom back as soon as possible.

## III.    LEGAL STANDARD

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth,* 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678.  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).

## IV.    DISCUSSION

Plaintiff's claims challenging his 1999 murder conviction are subject to dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held:

in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87.  The *Heck* rule also applies where a plaintiff seeks injunctive or declaratory relief, which, if granted, would necessarily imply that a conviction is invalid.  *See Mann v. Denton County, Texas*, 364 F. App'x 881, 883 (5th Cir. 2010); *Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009).

Any ruling in Plaintiff's favor on his claims challenging Defendants' actions would necessarily imply the invalidity of his murder conviction in Jim Wells County. *Heck*, 512 U.S. at 487.  Since no court has reversed or otherwise invalidated Plaintiff's conviction, Plaintiff's claims seeking monetary and injunctive relief are barred by *Heck*.[1] *See Heck*, 512 U.S. at 487.  Because Plaintiff's § 1983 claims against Defendants are barred by *Heck* as premature*,* it is respectfully recommended that same be dismissed with prejudice as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*.[2]

## V.   CONCLUSION

For the reasons stated above, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), it is respectfully recommended that Plaintiff's § 1983 claims against

---

[1] Moreover, as the prosecutor and judges in connection with Plaintiff's conviction, Defendants Garza, Canales, and Densen are immune from damages' claims.  *Stump v. Sparkman,* 435 U.S. 349 (1978) (judicial immunity); *Imbler v. Pachtman,* 424 U.S. 409 (1976) (prosecutorial immunity).

[2] The Fifth Circuit has held that *Heck*-barred claims must be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met."  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Defendants related to his probation revocation be dismissed with prejudice as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*.  Because this dismissal meets the requirement of a "strike" for purposes of 28 U.S.C. § 1915(g), it is respectfully recommended further that the Clerk of the Court forward a copy of this Memorandum and Recommendation to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov .

Respectfully submitted this 2nd day of October, 2019.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).